Tony **CARTER and Melba Carter (now Zelikovitz), and Melba Carter, personal representative of Tony Carter, deceased, Appellees,**

v.

**The CITY OF OKLAHOMA CITY, a municipal corporation, Appellant.**

**No. 75156.**

Supreme Court of Oklahoma.

Oct. 26, 1993.

James G. Hamill, Municipal Counselor, Jerry R. Fent, Asst. Mun. Counselor, Richard N. Mann, Oklahoma City, for appellant.

William F. Collins, Jr., William F. Collins, III, McClelland, Collins, Bailey, Bailey & Bellingham, David P. Henry, Coyle & Henry, Michael Gassaway, Oklahoma City, for appellees.

LAVENDER, Vice Chief Justice.

Two questions are presented for our review. The first is whether 27 O.S.1991 § 12 or 66 O.S.1991 § 55 controls in an inverse condemnation action. Second, whether the award of 6% prejudgment interest was insufficient compensation. We hold that 27 O.S.1991 § 12 is controlling in an inverse condemnation case and that prejudgment interest was correctly assessed at 6%.

## FACTS AND PROCEDURE

Tony Carter (deceased) and Melba Carter, private landowners (Landowners), filed an inverse condemnation action against the City of Oklahoma City (City) claiming their real property was taken and damaged by excessive odors from the City's wastewater treatment plant. The court appointed three commissioners who appraised the property value at $60,000 for a fee simple title. Both Landowners and City then requested a jury trial to decide the issue of a taking and the property value. The jury found a taking in fee simple and assessed a lower amount of $53,500. The court found the date of the taking to be May 21, 1985. The court awarded interest to Landowners according to law as to judgments against municipalities, 15 O.S.1991 § 266, at 6% interest from the date of taking to the date of judgment, December 18, 1989 in the amount of $14,704.44 (prejudgment interest). The court also awarded 10% interest on the judgment from Dec. 18, 1989 until paid by the City, 12 O.S.1991 § 727 (postjudgment interest).

Landowners filed a motion for a new trial which was overruled. Landowners then filed a motion for costs and attorneys' fees. City filed an objection and filed a motion to recover its own costs. By stipulation of the parties, the court found reasonable attorney fees and costs for Landowners at $30,850.38 [1] and $5,787.00 for the City. The court ruled that 27 O.S.1991 § 12 controlled over 66 O.S.1991 § 55 in an inverse condemnation action, and held the City liable for Landowners fees and costs, and denied the City's costs.

City appeals asking us to interpret 27 O.S.1991 § 12 and 66 O.S.1991 § 55 regarding the awarding of attorney fees, witness fees, and costs in an inverse condemnation action where the jury verdict is less than the court appointed commissioners' appraisal. The Landowners counterappealed arguing the award of 6% prejudgment interest was insufficient compensation. The jury finding of a taking, the amount awarded by the jury, and the reasonableness of the fees and costs are not at issue.

We granted the motions to retain and now hold that 27 O.S.1991 § 12 governs inverse condemnation actions. If the judgment favors the owner of any right, title, or interest in real property and compensation is awarded for the taking of property, regardless whether the jury's appraisal was lower or higher than the commissioner's appraisal, the court shall determine an award as part of such judgment and the plaintiff's reasonable costs including reasonable attorney fees incurred as a result of such proceeding.

## STATUTORY INTERPRETATION

 The right to recover attorney's fees or costs in a condemnation proceeding must be provided by statute.[2] City contends that the trial court erred in deciding which statute governs the award of attorney fees in the instant case. The trial court held that 27 O.S.1991 § 12 controls over 66 O.S.1991, § 55 in determining whether to award costs and attorney fees to a property owner in condemnation/eminent domain actions. City argues that 27 O.S.1991 § 5 provides the direction for the action in the case at bar. Section 5 states, "[a]ny ... city ... shall have the power to condemn land in like manner as railroad companies for highways ... and other public purposes."

City contends that this section directs condemners and condemnees to 66 O.S. 1991, § 51, et seq. to follow the proceedings devised for the condemnation actions of railroads. Once there a landowner bringing an inverse condemnation action should follow 66 O.S.1991 § 57:

> [P]rovided, that in case any ... municipality authorized to exercise the right of eminent domain shall have taken and occupied, for purposes for which it might have resorted to condemnation proceedings, as provided in this article, any land, without having purchased or condemned the same, the damage thereby inflicted upon the owner of such land shall be determined in the manner provided in this article for condemnation proceedings.

This section, City argues, invokes § 53(A):

> If the owner of any real property ... over which any railroad corporation ... may desire to locate its road, shall refuse to grant the right-of-way through and over his premises, the district judge ... shall direct the sheriff to summon three disinterested freeholders, to be selected by said judge as commissioners....

The section provides for the commissioners to "assess the just compensation for

---

1. The court found attorney fees for three attorneys hired in succession by the Plaintiffs. The first two attorneys were dismissed and the third then retained by the Plaintiffs during the course of this action. All three attorneys have filed for recovery of fees from the City.

1. Michael Gassaway, attorney fees $3,205.00

2. David P. Henry, attorney fees 3,205.00
3. William F. Collins, Jr., atty. fees 16,852.50
4. William F. Collins, Jr., costs 7,587.88
 Total $30,850.38

**2.** *Oklahoma Turnpike Auth. v. New,* 853 P.2d 765, 766 (Okla.1993); *Gaylord v. State,* 540 P.2d 558, 562 (Okla.1975).

the property taken." Section 55(A) then allows either party, condemnor or condemnee to file a written demand for a trial by jury, "in which case the amount of damages shall be assessed by a jury.... If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court **may** be taxed against him." (Emphasis added).

City maintains that 66 O.S.1991 § 55(D) is also relevant to the instant case:

[I]f the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney ... fees actually incurred because of the condemnation proceeding. The sum awarded shall be paid by the party instituting the condemnation proceeding.

City points to the fact that 27 O.S.1991 § 11 repeats the same wording, "[w]here a condemnation proceeding is instituted by any person, agency or other entity to acquire real property for use...." However, we note that section 11 puts the condition in the context of a condemnor instituting a condemnation proceeding.

■ City further argues that according to the reading of these statutes, since the Plaintiffs did not receive a more favorable assessment from the jury than was recommended by the commissioners and did not receive 10% more than the commissioner's assessment, the trial court erred in its award of fees to Landowners. In its review of the condemnation statues, City disregards the significance of 27 O.S.1991 § 12. Section 12 specifically speaks to a proceeding of inverse condemnation instituted by an owner of real property as in this case apart from the general condemnation proceedings for railroad companies.

Where two statutory provisions differ, one of which is special and clearly includes the matter in controversy and the other is general, the special statute applies.[3]

■ An action in condemnation is a special proceeding and strictly controlled by the constitution and statutes.[4] Constitutional and statutory provisions relating to eminent domain must be strictly construed in favor of the landowner and against the condemning party.[5] 27 O.S. 1991 § 12 states:

Where an inverse condemnation proceeding is instituted by the owner of any right, title or interest in real property because of use of his property in any public program or project ... the court, in rendering a judgment for the plaintiff in such proceeding and awarding compensation for the taking of property ... shall determine an award or allow to such plaintiff, as a part of such judgment ... such sum as will, in the opinion of the court ... reimburse such plaintiff for his reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of such proceeding.

Section 12 specifically addresses situations as in our case where the landowner has brought an inverse condemnation action and where the court then finds a taking and awards the landowner compensation. Section 12 directs that the court "shall determine an award ... as part of the judgment," to reimburse the owner of title in real property.

There is likewise no merit to City's contention that 27 O.S.1991, § 11 controls when determining whether attorney fees may be awarded in an inverse condemnation case. Section 11 requires that the jury assessment must be 10% above that of the Commissioners before a landowner may recover attorney fees, "where a condemnation proceeding is instituted by any entity

---

3. *Oxley v. Tulsa,* 794 P.2d 742, 751 (Okla.1989), cert. denied, 493 U.S. 1077, 110 S.Ct. 1128, 107 L.Ed.2d 1034 (1990); *Tulsa v. Smittle,* 702 P.2d 367 (Okla.1985).

4. *Graham v. City of Duncan,* 354 P.2d 458 (Okla. 1960).

5. *Oxley,* 794 P.2d at 749.

to acquire real property...." This is not the situation presented in our case.

Further, in an inverse condemnation case, the commissioner's appraisal is irrelevant to and does not decide the issue of a taking. The issue must go before a jury, whereas in a condemnation case, the fact of a taking is not the issue. The entity is exercising its right of eminent domain. The commissioners merely assess the value to be paid to the landowner, who has no choice in the matter. Either party then has the option of bringing a condemnation proceeding in the hope of obtaining a more advantageous assessment. However, the landowner is entitled to fees and costs only if the jury award exceeds the commissioner's award by 10%. The reasoning being that the "Legislature has attempted to discourage litigation when the initial award is substantially fair." [6] Thus, where the jury returns a verdict that fixes the amount less than the award of the commissioners, costs may be properly assessed against condemnees.[7]

However, in an action for inverse condemnation the issue of taking is critical and is a fact question which, unless confessed, must be tried to a jury.[8] It is not critical that commissioners be appointed in an action for inverse condemnation.[9] Therefore, since the jury, and not the commissioners, determines a taking and compensates the landowner for it, the finding of a taking is significant as to whether the landowner will be awarded attorneys' fees. Conversely, the amount of the jury's award, whether larger or smaller than that of the commissioner's assessment, is not significant to the awarding of fees and costs.

We declared in *Oklahoma Turnpike Auth. v. New*,[10] that 27 O.S.1991 § 11 was applicable to the OTA regarding reimbursement of fees to a landowner. *New* was a condemnation case where the OTA brought the action. In our case, the landowners bring the action in inverse condemnation. Section 12 of title 27 is applicable.

City's final argument is that it and not the landowner is due reimbursement of costs in the instant case. However, inasmuch as city did not prevail, the question of its costs is irrelevant.

The jury verdict favored the Landowners, i.e., there was a taking by the City, and thus, 27 O.S.1991 § 12 governs. The trial court did not err in its award of reasonable costs and fees to the Landowners and in its denial of costs to the City.

## PREJUDGMENT INTEREST

Landowners, in a counterappeal, argue that the award of 6% prejudgment interest on the compensation award was too low and does not meet the standards of just compensation of Art. 2 § 24 of the Oklahoma Constitution for the taking of private property. Landowners contend that market rates today exceed 6% so that it is no longer just compensation. Title 12 O.S.1991 § 727 sets interest on all court judgments against municipalities to not exceed 10% from the date of rendition.

In *State v. Berry*,[11] we held that landowners were not entitled to 10% interest from the date of taking, and that absent any contract, 6% interest was the proper amount to be applied for prejudgment interest.[12] "Interest on a judgment against an individual ... is paid only by the judgment debtor while interest against a gov-

6. *Root v. Kamo Elec. CO–Op., Inc.,* 699 P.2d 1083, 1092 (Okla.1985).

7. *Kelly v. Oklahoma Turnpike Auth.,* 269 P.2d 359 (Okla.1954); *Grand River Dam Auth. v. Jarvis,* 124 F.2d 914 (10th Cir.1942).

8. *Richardson v. State,* 818 P.2d 1257, 1258 (Okla. Ct.App.1991).

9. *Id.*

10. 853 P.2d 765, 766 (Okla.1993).

11. 495 P.2d 401 (Okla.1972).

12. *See Oklahoma City v. Wells,* 185 Okla. 369, 91 P.2d 1077 (1939). *See also* 70–273 Op.Att'y Gen. (1970) wherein the Attorney General found that the payment of interest where private land is taken by the State Highway Department did comply with the law when it paid condemnees 6% interest from the date of taking to the date of judgment and 10% interest from the day of judgment until paid by the condemnor.

ernmental unit must be borne by all taxpayers of the governmental unit." "Lower interest attaches to prejudgment against the state to further the legitimate purpose of preserving the public fisc." [13] We conclude that the award of 6% interest from the date of taking to the date of judgment was proper.

## CONCLUSION

The trial court is hereby AFFIRMED on both the awarding of attorney fees and costs to Landowners and in its denial of costs to the City and on its award of 6% prejudgment interest and 10% post judgment interest to Landowners.

All Justices concur.

---

**13.** *Fleming v. Baptist Gen. Conv.,* 742 P.2d 1087, 1097 (Okla.1987). (There is no violation of equal protection where interest on judgments is assessed against governmental entities at a rate of six percent and against private citizens at a rate of ten percent because it serves the rational relation to legitimate purpose of preserving the public fisc.)