1997 OK 72

**WILLIAMS NATURAL GAS COMPANY,
a Delaware Corporation, Appellee,**

v.

**William Jerry PERKINS, Appellant.**

No. 83981.

Supreme Court of Oklahoma.

June 10, 1997.

As Corrected Sept. 10, 1997.

As Corrected on Grant of Appellant's Rehearing Petition and Denial of Appellee's Rehearing Petition Feb. 23, 1998.*

* Wilson, J., concurred in part and dissented in part on rehearing.

George D. Sherrill, Michael M. Reynolds, DeBois, Sherrill & Reynolds, Duncan, for Appellant

Mary Johnson Tidholm, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, for Appellee.

HODGES, Justice.

¶ 1 The issue in this proceeding is what is the proper measure of damages in a condemnation suit following the 1990 amendment to Article 2, Oklahoma Constitution, § 24.

## I. HISTORICAL PERSPECTIVE OF JUST COMPENSATION

¶ 2 Article 2, section 24 of the Oklahoma Constitution provides for the taking of private property for public use for just compensation. Until section 24 was amended in

1990, it provided for just compensation "in such manner as may be prescribed by law."

¶ 3 Before 1991, the Oklahoma Statutes did not address the method for determining just compensation.[1] However, in *State ex rel. State Highway Comm'n v. Anderson*,[2] this Court adopted the before-and-after method as the proper means of determining just compensation. Under the before-and-after method, just compensation is the difference in the fair market value of the property immediately before the taking and the fair market value of the property remaining immediately after the taking.[3]

¶ 4 In 1990, section 24 of article 2 of the Oklahoma Constitution was amended, to read:

Private property shall not be taken or damaged for public use without just compensation. **Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken.** Any special and direct benefits to the part of the property not taken may be offset only against injury to the property not taken.[4]

Section 24, article 2 now requires just compensation to be determined by taking the value of the property taken and adding the injury to the remaining property. Because the phrase "any injury to any part of the property not taken" is meaningless if applied only to takings of an entire parcel, section 24 must be read to apply to partial takings as well as taking of entire parcels of property.

¶ 5 In response to the constitutional amendment to section 24, the Oklahoma Legislature in 1991 amended section 53(D) of title 66 of the Oklahoma Statutes. The amendment to section 53(D) attempted to override the mandate of the people of Oklahoma in amending the Constitution. Section 53(D) as amended provides:

Just compensation ... shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. Any special and direct benefits to

---

1. *See* Okla.Stat. tit. 66, § 53(D) (1981).

2. 203 Okla. 683, 226 P.2d 398 (Okla.1951).

3. *Id.*

4. State Question Number 624, Legislative Referendum Number 278, Election on August 28, 1990 (emphasis added).

the part of the property not taken may be offset only against any injury to the property not taken. **If only a part of a tract is taken, just compensation shall be ascertained by determining the difference between the fair market value of the whole tract immediately before the taking and the fair market value of that portion left remaining immediately after the taking.**[5]

In amending section 53(D), the Legislature attempted by statute to rejuvenate the old before-and-after method of determining just compensation in partial takings. This portion of section 53(D) dealing with the before-and-after method for determining just compensation is in conflict with the Constitutional directive. Because of this conflict, the provision of section 53(D) which attempts to reinstate the before-and-after method for partial takings is unconstitutional.

## II. FACTS

¶ 6 Williams Natural Gas (Williams) filed a petition for condemnation in June of 1992. Williams sought an easement 66 feet wide and 4,289 feet long, with rights of ingress and egress, and the right to use a 25–foot temporary work space adjacent to the easement, a partial taking. Prior to trial Williams served on Perkins, the landowner, an offer to allow judgment to be taken against it in the amount of $10,400. Perkins rejected the offer.

¶ 7 The trial court appointed three commissioners to inspect Perkins' property. The commissioners filed a report assessing damages at approximately $1625. Perkins demanded a jury trial.

¶ 8 Before the trial, Perkins filed a motion in limine asking the court to prohibit Williams from referring at trial to the before-and-after method for determining just compensation. The trial court denied the motion[6] finding title 66, section 53(D) of the 1991 Oklahoma Statutes established the before-and-after method as the exclusive method of determining just compensation and only

evidence relating to the exclusive method would be admitted. In accordance with its ruling, the trial court disallowed expert witness testimony of the injury to the property not taken.

¶ 9 The trial court gave two instructions on the method for determining the amount of just compensation. In instruction number two, the court instructed the jury: "In this case [just compensation] is the fair market value of the easement plus any injury to the property left remaining after the taking." In instruction number 5, the trial court instructed the jury:

This is a case in which the plaintiff has taken only a part of the defendant's property, and it is sometimes referred to as a "partial taking" case. In a partial taking case, the term "just compensation" means the payment to the owner for the taking of a part of his property by the plaintiff of an amount of money that will make the owner whole. In this case this is the fair market value of the part of the property that was taken, plus any injury to the property left remaining after the taking. The fair market value of the property taken is determined in the following manner:

1. Determine the fair market value of the whole tract immediately before construction of the pipeline began.

2. Determine the fair market value of that portion of the tract not taken by the pipeline right-of-way immediately after the pipeline construction was completed.

3. Subtract the second amount from the first amount....

Injury to the remaining property is the damage, if any, caused by:

1. The separation of part of the tract from the remaining property;

2. The construction of the pipeline on the property taken.

---

5. Okla.Stat. tit. 66, § 53(D) (1991) (emphasis added).

6. The trial court certified the issue for interlocutory appeal to this Court. This Court denied Perkins' petition for certiorari of the interlocutory order.

Instruction number five was a modification of Oklahoma Uniform Jury Instruction (OUJI) number 25.3.[7]

¶ 10 The jury verdict fixed Perkins' compensation at $3,800. The trial court denied Perkins' post-trial motion for court costs, prejudgment interest, post-judgment interest, attorney's fees, expert witness fees, and appraiser fees. Perkins appealed. The Court of Civil Appeals reversed and remanded. This Court granted certiorari.

## III. ANALYSIS

### A. Constitutional Attack on § 53(D)

 ¶ 11 Perkins argues that title 66, section 53(D) of the Oklahoma Statutes is constitutionally infirm because it is inconsistent with article 2, section 24 of the Oklahoma Constitution. Perkins reasons that the trial court's instruction number 5 whose modification of OUJI number 25.3 was based on § 53(D) must be equally infirm.

7. OUJI No. 25.3 provides:

"This is a case in which [Condemnor] is taking only a part of [Owner's] property, and it is sometimes referred to as a 'partial taking' case. In a partial taking case, the term 'just compensation' means the payment to [Owner] for the taking of a part of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this is the fair market value of the part of the property that was taken plus any injury to the property left remaining after the taking. The property that was taken is [describe the property that was taken], and the property left remaining after the taking is [describe the remaining property]. The property includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads.

Injury to the remaining property is the damage, if any, caused by:
1. The separation of the part taken from the remaining property;
2. The loss [or impairment] of a right of access to the [street/road/highway] that previously abutted [Owner's] property; [and]
3. The construction [and/or] use of the [describe the project] on the property being taken.

In determining the injury to the remaining property, you may subtract any increase in its value that will result from any features of the project that will benefit the remaining property. However, the increase in value to the

 ¶ 12 As noted in Part I of this opinion, article 2, section 24 of the Oklahoma Constitution provides that just compensation is the value of the property taken plus any injury to the property not taken. This definition includes just compensation in partial takings. Because title 66, section 53(D) provides a method for determining just compensation which is inconsistent with article 2, section 24 in proceedings involving partial takings, it is constitutionally infirm to the extent of the inconsistency.[8]

¶ 13 OUJI number 25.3 is a correct statement of the law.[9] However, the trial court modified the uniform instruction to incorporate the constitutionally infirm statutory provisions of title 66, section 53(D). Thus, the trial court committed fundamental error in giving instruction number five.[10]

 ¶ 14 Williams posits that the before-and-after method stated in section 53(D) is just one means of determining the value of the property taken. We cannot agree. First, if the intent was to retain the before-

remaining property can never exceed the damage to it. In other words, you may offset an increase in the value of the remaining property against any injury to the remaining property, but you may not offset an increase in the value of the remaining property against the value of the property that was taken."
This instruction is a correct statement of the law. The comments to the instruction note that the last two sentences of section 53(D) of title 66 of the Oklahoma Statutes may be inconsistent with article 2, section 24 of the Oklahoma Constitution. Therefore reference to the last two sentences of title 66, section 53(D) was omitted. Also note that the last paragraph of OUJI No. 25.3 would not have been given in the present case as there was no evidence of a benefit.

8. The value of the property taken is not necessarily equal to the value of the whole of the property before the taking minus the value of the remaining property immediately after the taking because dividing property may result in each parcel have a greater or lesser value because of the division.

9. *See Taylor v. State & Educ. Employees Group Ins. Program,* 897 P.2d 275, 277, 1983 OK 85.

10. A trial court commits fundamental, plain, or manifest error when "a substantial misstatement of a fundamental legal principle ... appears on the face of the instruction." *Wetsel v. Independent School Dist. I–1,* 670 P.2d 986, 995, 1983 OK 85.

and-after method, there would have been no need for the constitutional provision to define just compensation as "the value of the property taken, and in addition, any injury to any part of the property not taken." The adoption of this language evidences an intent to change the method of determining just compensation.[11]

¶ 15 Second, section 24 of article 2 states: "*Just compensation shall mean* the value of the property taken, and in addition, any injury to any part of the property not taken."[12] Section 53(D) of title 66 provides: "*[J]ust compensation shall be ascertained* by determining the difference between the fair market value of the whole tract immediately before the taking and the fair market value of that portion left remaining immediately after the taking."[13] If the purpose of 53(D) had been to establish the method of determining the value of the property taken, then it would have stated "*the value of the property* taken shall be ascertained by...." By amending section 53(D), the Legislature attempted to substitute its will for that of the people of Oklahoma when they approved the constitutional method of determining just compensation as taking the value of the property taken plus any injury to the property not taken.

¶ 16 Third, if section 53(D) were merely a means of determining the value of the property taken, then the landowner would be compensated twice for the injury to the property not taken. When using the before-and-after method, a jury will consider the value of the total property immediately before the taking and the value of the property not taken immediately after the taking. The value of the remaining property immediately after the taking includes injury because of the taking.[14] Under Williams' theory, the injury to the property not taken would be considered both in assessing the value of the property not taken and as a separate part of the damage. Thus, the landowner would be compensated twice for the injury to the property not taken. We cannot agree to this construction of section 53(D).

B. Expert witnesses

¶ 17 Perkins contends that the trial court abused its discretion when it excluded evidence of his expert witnesses, Otto Lamar and Terrell Zigler, and testimony of Williams' expert witness and corporate representative for impeachment purposes or as a party admission. The qualification of an expert witness is generally within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of discretion.[15]

¶ 18 The trial judge excluded the testimony of Otto Lamar regarding the value of the Perkins' farm immediately before the taking of the easement. The exclusion was based on Mr. Lamar's qualification as an expert. Testimony showed that Mr. Lamar has a degree in agronomy from Oklahoma State University and worked as a soil conservationist for 30 years. Mr. Lamar had done soil investigation work and field investigations for suitability of engineering designs. Mr. Lamar was familiar with the Perkins' farm and lived on and operated a farm in an adjacent county. Mr. Lamar had been appointed by a district judge and had served as one of three commissioners to establish value for the condemnation of highway right of ways in other condemnation proceedings. Although Mr. Lamar was not a certified real estate appraiser, he was a bank director and a member of the bank's loan committee responsible for reviewing and approving agricultural loans. Mr. Lamar had contacted other property owners who had sold farms and ranches.

¶ 19 The trial judge excluded testimony of Terrell Zigler regarding the value of the

---

11. An amendment to a constitutional provision that has been judicially interpreted is presumed to have changed the existing law. *See Texas County Irrigation and Water Resources Ass'n v. Oklahoma Water Resources Board*, 803 P.2d 1119, 1122 n. 14, 1990 OK 121.

12. Okla. Const. art. 2, § 24 (emphasis added).

13. Okla.Stat. tit. 66, § 53(D) (1991) (emphasis added).

14. *See Finley v. Board of County Comm's*, 291 P.2d 333, 338 (Okla.1955).

15. *Jones v. Stemco Manufacturing Co. Inc.*, 624 P.2d 1044, 1981 OK 10.

easement and the damages to the remaining property. Mr. Zigler had been a right-of-way agent for about 20 of years and, as such, was responsible for purchasing pipeline right of ways and settling damage claims. Mr. Zigler owned an interest in a farm in the adjacent county and was familiar with the sales price of one farm near the Perkins' farm.

¶ 20 Title 12, section 2702 of the Oklahoma Statutes provides for expert testimony "in the form of an opinion or otherwise."[16] An expert's opinion is admissible even when "it embraces an ultimate issue to be decided by the trier of fact."[17] To be qualified as an expert, a witness need not possess technical training and education but may qualify based on knowledge, skill, and experience.[18] Testimony regarding the value of land generally does not require particular technical training.[19] Bankers and landowners who are knowledgeable about comparable land values can testify regarding the value of land.[20]

¶ 21 Mr. Lamar and Mr. Ziegler had extensive experience in land values and property damage and were both qualified to testify as expert witnesses. The trial court abused its discretion in sustaining the objections to Mr. Lamar's and Mr. Ziegler's testimony as expert witnesses. They were subject to cross examination, and it was the jury's province to weigh their testimony based on their qualifications and knowledge of land values in the area. Also, Mr. Ziegler had extensive expertise in the area of damages. The trial court erred in determining damages were not an element of just compensation and excluding Mr. Ziegler's testimony regarding damage to the property.

¶ 22 The objection to the proposed testimony of Dan Wigington and Alan Wurtz regarding the value of the Perkins' property was based on relevancy. The trial court's exclusion of the testimony was founded on its ruling that the before-and-after method was the proper means of determining just compensation. Under the amendment to article 2, section 24 of the Oklahoma Constitution, the value of the Perkins' property was relevant, and the testimony should have been admitted.

C. Motion for court costs, prejudgment interest, post-judgment interest, attorney fees, expert witness fees and appraiser fees.

¶ 23 Perkins moved for court costs, prejudgment interest, post-judgment interest, attorney fees, expert witness fees, and appraiser fees. Title 12, section 942 provides for the payment of costs,[21] section 272 of title 12 provides for postjudgment interest,[22] and article 2, section 24 of the Oklahoma Constitution requires the payment of prejudgment interest from the date of condemnation.[23] Title 66, section 55(D) provides for a landowner to be reimbursed a reasonable attorney, appraisal, engineering and expert witness fees when the jury's

16. Okla.Stat. tit. 12, § 2702 (1991) provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise."

17. Okla.Stat. tit. 12, § 2704 (1991) provides: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

18. *Id.* at § 2702.

19. *H.D. Youngman Contractor v. Girdner*, 262 P.2d 693, 694 (Okla.1953); Fed.R.Evid. 702 advisory committee's notes.

20. *H.D. Youngman Contractor v. Girdner*, 262 P.2d 693, 694 (Okla.1953); Fed.R.Evid. 702 advisory committee's notes; Leo H. Whinery, *Oklahoma Evidence* § 26.09 (2nd ed. 1994).

21. Recoverable costs include court fees, expenses for giving notice, witness and subpoena fees, copying costs, transcripts, and costs of depositions. Okla.Stat. tit. 12, § 942 (1991); *Oklahoma Turnpike Authority v. New*, 853 P.2d 765, 767, 1993 OK 42.

22. "All judgments of courts of record shall bear interest at a rate prescribed" by statute. Okla. Stat. tit. 12, § 727(A) (1991).

23. *See Carter v. City of Oklahoma City*, 862 P.2d 77, 81, 1993 OK 134. Article 2, section 24 of the Oklahoma Constitution requires that the landowner be fully compensated for damages.

award exceeds the court appointed commissioners' award by more than ten percent. In this case the commissioners' award was approximately $1625 and the jury's award was $3,800. Under section 55(D), Perkins was entitled to reasonable attorney, appraisal, engineering and expert witness fees.[24]

██ ¶24 The trial court applied title 12, section 1101[25] and determined that the offer of judgment being more than the jury's award, Perkins' motion should be denied. In *Blackwell, E. & S.W. Ry. Co. v. Bebout,*[26] this Court considered the predecessor to section 1101[27] in the context of condemnation proceedings. Like section 1101, section 4715, provided that if a judgment did not exceed an offer of judgment, the plaintiff's costs were recoverable. In *Bebout,* we refused to apply section 4715, holding that in condemnation proceedings, the recovery of money was incident to the main cause.

██ ¶25 We have continued to recognize that a condemnation action is "strictly controlled by the constitution and statutes."[28] We have continued to reject that the enactment of the Oklahoma Pleading Code, section 2002[29] abolished condemnation proceedings by transforming them into actions for money only. Based on *Bebout* and *Carter,* we find that the trial court erred in denying Perkins' motion for court costs, prejudgment interest, post-judgment interest, attorney fees, expert witness fees, and appraiser fees. However, because we are remanding for a new trial, Perkins is not presently entitled to an award of attorney fees, including appeal-related attorney fees.[30]

## IV. CONCLUSION

¶26 The trial court erred in determining the proper method of assessing just compensation for partial taking was the before-and-after method, and in denying fees and costs based on section 1101 of title 12 of the Oklahoma Statutes. The trial court abused its discretion in excluding expert testimony of Otto Lamar, Terrell Ziegler, Dan Wigington, and Alan Wurtz'. The judgment of the trial court is reversed and its order denying Perkins' post-trial motion for costs, fees, and interest is vacated, and the matter remanded for a new trial consistent with this opinion. The opinion of the Court of Civil Appeals is vacated. The Clerk of this court shall at once tax *de cursu* in appellant's favor costs recoverable in this appeal. 12 O.S. 1991 § 978; *Wilson v. Glancy,* 1995 OK 141, 913 P.2d 286, 292; *Chamberlin v. Chamberlin,* 1986 OK 30, 720 P.2d 721, 726. Should Perkins once again prevail on retrial and be granted below an attorney's fee for trial-related services, he shall also be then entitled to an additional allowance for the reasonable value of his legal services in this appeal. The amount to be awarded shall be established by the trial court after an adversary hearing and on due notice to the opposite parties. *Carpet World, Inc. v. Riddles,* 1987 OK 42, 737 P.2d 939, 942.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT REVERSED; POST–TRIAL ORDER OF THE TRIAL COURT VACATED; CAUSE REMANDED WITH INSTRUCTIONS; MOTION FOR APPEAL–RELATED ATTORNEY FEES DENIED.

¶27 KAUGER, C.J., and LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

24. *Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks,* 870 P.2d 762, 764, 1994 OK 9.

25. In actions for the recovery of money only, a defendant may make an offer of judgment. If the offer is more than the judgment, the plaintiff must pay the defendant's costs from the time of the offer, and the plaintiff could not recover its costs. Okla.Stat. tit. 12, § 1101 (1991).

26. 19 Okla. 63, 91 P. 877 (1907).

27. Statutes 1903, § 4715.

28. *Carter v. City of Oklahoma City,* 862 P.2d 77, 80, 1993 OK 134.

29. The Oklahoma Pleading Code provides: "There shall be one form of action to be known as 'civil action'." Okla.Stat. tit. 12, § 2002 (1991).

30. *Houck v. Hold Oil Corp.,* 867 P.2d 451, 462 n. 10, 1993 OK 166.

¶ 28 SUMMERS, V.C.J., and WATT, J., concur in result.

¶ 29 WILSON, J., concurs in part; dissents in part.

