2008 OK CIV APP 46

**STATE of Oklahoma ex rel., DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellant,**

v.

**Terry TODD and Jennifer Todd, husband and wife; Grace Scott; Margaret Davis; and The Creek County Treasurer, Defendants/Appellees.**

**No. 104,387.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 8, 2008.

Certiorari Denied April 14, 2008.

---

John M. Folks, Kelly F. Monaghan, Lori Gilliard, Holloway & Monaghan, Tulsa, OK, for Plaintiff/Appellant.

Terry Todd, Beth S. Reynolds, Rodolf & Todd, Tulsa, OK, for Defendants/Appellees, Terry Todd and Jennifer Todd.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellant, State of Oklahoma, ex rel. Department of Transportation (ODOT), seeks review of the trial court's order granting costs but denying attorney fees against Defendants, Terry Todd and Jennifer Todd (collectively Landowners), in ODOT's condemnation action. We affirm because the condemnation statutes do not authorize attorney fees in favor of ODOT.

¶ 2 ODOT petitioned pursuant to 69 O.S. 2001 § 1203 to acquire by condemnation Landowners' land adjacent to Highway 33 in Creek County, Oklahoma. The second commissioners' report awarded Landowners compensation in the amount of $27,500.00. ODOT deposited that amount with the court clerk and the trial court ordered it to be paid out to Landowners. Landowners objected to the report and demanded jury trial. ODOT filed an offer of judgment pursuant to 12 O.S.Supp.2002 § 1101.1 in the amount of $27,600.00. Landowners objected to the application of 12 O.S.Supp.2002 § 1101.1 in a condemnation proceeding, but in the alternative rejected the offer and counter-offered to accept $37,500.00.

¶ 3 After a jury trial, the jury returned a verdict awarding Landowners $20,531.60 as just compensation for the property taken by ODOT. The trial court granted ODOT judgment against Landowners for $6,968.40, the amount already paid out to Landowners less the jury award. ODOT moved for costs and attorney fees pursuant to 12 O.S.Supp.2002 § 1101.1. Landowners objected. After a hearing, the trial court ruled ODOT was entitled to recover costs but not attorney fees or appraiser fees. It granted judgment in favor of ODOT against Landowners for costs in the amount of $1,359.85.

¶ 4 ODOT appeals, contending the trial court erred in holding § 1101.1 is inapplicable in a condemnation action. It argues the Oklahoma Supreme Court previously rejected the application of offer of judgment statutes to condemnation proceedings based on language in the statutes directing their application to "action[s] for the recovery of money only." *Blackwell, E. & S.W. Ry. Co. v. Bebout,* 1907 OK 72, 91 P. 877, 882 (applying Wilson's Rev. & Ann. St.1903, § 4715), and *Williams Natural Gas Co. v. Perkins,* 1997 OK 72, 952 P.2d 483, 491 (applying 12 O.S. 1991 § 1101). ODOT argues the language in § 1101.1(B)(1), adopted in 1995, directing its application to civil actions "for the recovery of money or property," extended the applicability of the offer of judgment rule to condemnation proceedings.

¶ 5 ODOT also contends the civil nature of a condemnation proceeding is established by

the language of 69 O.S.2001 § 1203(e)(1) providing that after demand for jury trial in a condemnation proceeding, "the trial shall be conducted and judgment entered in the same manner as civil actions in the district court." It argues the proceeding therefore is subject to the provisions of Title 12, including § 1101.1. ODOT asserts it needs the offer of judgment procedure to encourage settlement negotiations and discourage protracted litigation.

 ¶ 6 A condemnation proceeding is an action for the taking of private property for public use, not an action for the recovery of property. It is not a civil action but a special proceeding. *Gaylord v. State ex rel. Dept. of Highways,* 1975 OK 63, 540 P.2d 558, 560. It must be carried out in accordance with legislatively prescribed procedure. *Bd. of County Com'rs of Creek Co. v. Casteel,* 1974 OK 31, 522 P.2d 608, 610. The procedure specified in 69 O.S.2001 § 1203(e)(1) provides that only the trial and the judgment resulting therefrom is to be conducted in the same manner as civil actions in the district court. *State ex rel. Dept. of Transp. v. Wright,* 1992 OK 62, 837 P.2d 1387. A condemnation action is not otherwise to be treated as a civil action. The trial court properly refused to apply 12 O.S.Supp. 2002 § 1101.1 to this proceeding.

¶ 7 The Legislature has provided only for a cost award against a party who fails to recover a verdict more favorable than the assessment of the commissioners. 69 O.S.2001 § 1203(e)(1). The statute does not authorize an attorney fee award to ODOT. The trial court's order properly followed the statute. Accordingly, it is AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.