217 P.3d 165 (2009)
2009 OK CIV APP 63
STATE of Oklahoma ex rel., DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellant,
v.
Bobby D. MOORE, d/b/a BobM3 Corporation, Defendant/Appellee, and
Byllie D. McGill and Marcie L. McGill, Husband and Wife; Arvest Bank, f/k/a Victory National Bank; David Addingly and The Rogers County Treasurer, Defendants.
No. 105,787. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
June 25, 2009.
Barry K. Roberts, Norman, OK, and Tom R. Gann, Tulsa, OK, for Plaintiff/Appellant.
K. Ellis Ritchie, Ryan M. Roberts, K. Ellis Ritchie, P.C., Pryor, OK, for Defendant/Appellee.
*166 ROBERT DICK BELL, Presiding Judge.
¶ 1 In this condemnation action, Plaintiff/Appellant, State of Oklahoma ex rel. Department of Transportation (ODOT) appeals the trial court's order denying ODOT's motion to tax costs against Defendant/Appellee, Bobby D. Moore, d/b/a BobM3 Corporation. ODOT sought an award of litigation costs pursuant to 69 O.S.2001 § 1203(e)(1), because Appellee demanded a jury trial and received a verdict of $16,934.00, which was less than just compensation assessed by the court-appointed commissioners in the amount of $21,500.00. We affirm in part, reverse in part and remand for further proceedings.
¶ 2 On appeal, ODOT contends the trial court abused its discretion and erred as a matter of law when it denied ODOT's motion for the following costs: court reporter fees for depositions of Chris Rolland and Bobby D. Moore in the amount of $336.50; exhibit costs in the amount of $365.09; and expert witness fee of $7,293.75. ODOT maintains it is statutorily entitled to recover these costs from Appellee pursuant to § 1203(e)(1), which provides in part:
The report of commissioners may be reviewed by the district court, on written exceptions filed by either party in the clerk's office within thirty (30) days after the filing of such report, and the court, after hearing had, shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown. . . . either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to the party than the assessment of the commissioners, all costs in the district court shall be taxed against the party. . . . (Emphasis added).
¶ 3 We agree § 1203(e)(1) specifically authorizes ODOT's recovery of its costs. The question is whether the expenses delineated in ODOT's motion qualify as costs. In this regard, Appellee argues the costs claimed by ODOT are not recoverable in an eminent domain proceeding.
¶ 4 After reviewing the relevant case law and statutory authority, we hold ODOT's court reporter fees and copying expenses qualify as costs under § 1203(e)(1). Citing 12 O.S.1991 § 942 as statutory support, Williams Nat. Gas Co. v. Perkins, 1997 OK 72, 952 P.2d 483, determined a prevailing landowner in a condemnation case should have been awarded its litigation costs. Such "recoverable costs include court fees, expenses for giving notice, witness and subpoena fees, copying costs, transcripts and costs of depositions." Perkins at ¶ 23, 952 P.2d at 490 n. 21. ODOT's court reporter fees and copying expenses certainly qualify as costs under Perkins and § 942.[1] We therefore partially reverse the trial court's denial of ODOT's motion to tax costs against Appellee and direct the trial court, on remand, to enter an order taxing ODOT's deposition fees of $336.50 and exhibit costs of $365.09 against Appellee.
¶ 5 Next, we address whether ODOT is entitled to have its expert witness fees taxed as costs against Appellee. Expert witness fees are only recoverable when specifically authorized by statute. Dyer v. Emergency Care, Inc., 2004 OK CIV APP 51, ¶ 6, 91 P.3d 683, 685. Although § 1203(e)(1) permits the recovery of "costs," this term does not, in and of itself, include expert witness fees. Andress v. Bowlby, 1989 OK 78, ¶ 12, 773 P.2d 1265, 1268. We therefore must determine whether § 1203(e), in conjunction with another statute, authorizes ODOT's recovery of its expert witness fees.
¶ 6 In this regard, ODOT argues the trial court should have taxed its expert witness fees against Appellee pursuant to Oklahoma Turnpike Auth. v. New, 1993 OK 42, 853 P.2d 765. There, the Supreme Court held 66 O.S.1991 § 55(D) authorized a landowner's *167 recovery of its expert witness and other fees from the condemnor as "costs." That section provided, in pertinent part:
[I]f the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding. The sum awarded shall be paid by the party instituting the condemnation proceeding.
¶ 7 ODOT claims the holding in New and the provisions of § 55 apply equally to condemnor and condemnee; therefore, ODOT is likewise entitled to an award for all its expert witness fees. This argument lacks merit. Neither § 55 nor New provide the authority for ODOT's recovery of its expert witness fees. The language of § 55 clearly subjects the condemning authority to the assessment of attorney, appraisal, engineering and expert witness fees. However, there is no corresponding provision subjecting the landowner to the assessment of such fees in the event the jury's award is less than the commissioners' award.
¶ 8 Although ODOT requests this Court to interpret this provision in such a manner to judicially create such a corresponding provision, we decline to do so. "[A] condemnation action is `strictly controlled by the Constitution and statutes,'" Perkins at ¶ 25, 952 P.2d at 491 (citation omitted). Eminent domain provisions are not grants of power, but are limitations upon the government's exercise of power. Board of County Commissioners of Muskogee County v. Lowery, 2006 OK 31, ¶ 10, 136 P.3d 639, 646.
¶ 9 ODOT next claims 12 O.S.2001 § 3226(B)(3)(c)(1) provides statutory authority for the award of its expert witnesses fees as costs. To the extent ODOT seeks recovery of the fees paid to its expert witness for the time he spent preparing for and giving his deposition testimony to Appellee, we find merit with this contention. Section 3226(B)(3)(c)(1) allows for the recovery of such fees where a party seeks discovery from an adverse party's expert witness. See Atchley v. Hewes, 1998 OK CIV APP 143, 965 P.2d 1012 (limiting the language of § 3226(B)(3)(c)(1) to expert witness fees for time spent in responding to discovery.)
¶ 10 Accordingly, we hold ODOT was entitled to recover from Appellee the fees ODOT paid to its expert witness for the time such expert spent preparing for and responding to Appellee's discovery. The trial court's denial of ODOT's motion to tax expert witness fees is therefore reversed as to those expert witness fees and this matter is remanded to the trial court to enter an order consistent with this opinion. In all other respects, the trial court's denial of ODOT's motion to tax expert witness fees is affirmed.
¶ 11 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
ADAMS, J., and BUETTNER, J., concur.
NOTES
[1] Perkins appears to be inconsistent with Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks, 1994 OK 9, 870 P.2d 762, and Oklahoma Turnpike Authority v. New, 1993 OK 42, 853 P.2d 765. As the most recent pronouncement on costs, we will apply Perkins.