**2013 OK CIV APP 9**

**STATE of Oklahoma ex rel., DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,**

v.

**SUTHERLAND LUMBER AND HOME CENTER, INC., a Missouri Corporation, Successor in Interest to Sutherland Building Material, Inc., a Missouri Corporation; and The Tulsa County Treasurer, Defendants/Appellants.**

**No. 109,301.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 4, 2013.

Kelly F. Monaghan, Lori Gilliard, John M. Folks, Holloway & Monaghan, Tulsa, Oklahoma, for Plaintiff/Appellee.

Robert J. Nichols, Brian A. Curthoys, Nichols & Curthoys, Tulsa, Oklahoma, for Defendant/Appellant, Sutherland Building Materials, Inc.

BRIAN JACK GOREE, Judge.

¶ 1 Defendant/Appellant, Sutherland Building Material, Inc. (Sutherland), seeks review of the trial court's order refusing to vacate its order awarding costs to Plaintiff/Appellee, State of Oklahoma ex rel. Department of Transportation (ODOT) in ODOT's condemnation action. The legislatively prescribed procedure for condemnation does not authorize a cost award against a party who has not demanded a jury trial. Therefore, we reverse the cost award except to the extent Sutherland agreed to pay deposition costs.

¶ 2 On July 12, 2005, ODOT petitioned pursuant to 69 O.S.2001 § 1203 to acquire property belonging to Sutherland for the construction or maintenance of the State transportation system. The Commissioners issued their report estimating just compensation at $427,280.00. ODOT paid the Commissioners' assessment to the court clerk, who disbursed it to Sutherland. ODOT demanded jury trial. The jury returned a verdict valuing the property at $180,802.00. On April 1, 2010, the trial court granted judgment against Sutherland in the amount of the Commissioners' assessment less the amount of the jury verdict and confirmed ODOT's acquisition of the property.

¶ 3 On April 29, 2010, ODOT moved for a cost award pursuant to 12 O.S.2001 § 942 and § 3226(B)(3)(c)(1), asserting it was the prevailing party. Sutherland objected, arguing case law did not support a cost award for court reporting fees and copying fees. On August 24, 2010, the trial court entered an order stating:

> The Court finds, pursuant to the parties' stipulation and agreement in open court, Sutherland is obligated to pay and agrees to pay the sum of $1,207.50 for the deposition preparation and deposition testimony of the Department's witnesses.

> The Court finds, pursuant to the authority set forth in *State of Oklahoma ex rel. Department of Transportation v. Moore,* 2009 OK CIV APP 63, ¶¶ 9, 10, 217 P.3d 165, *Williams Natural Gas Co. v. Perkins,* 1997 OK 72, ¶ 23, 952 P.2d 483, and 12 O.S. § 942, the Department is entitled to an award of its costs for reasonable expenses for the service of subpoenas, costs for

copying papers necessarily used at trial, and reasonable expense for taking and transcribing deposition testimony, in an amount of $5,929.84. The trial court granted judgment against Sutherland for the total sum of $7,137.34 plus interest.

¶ 4 On September 7, 2010, Sutherland moved to vacate the judgment and for new trial pursuant to 12 O.S.2001 § 1031.1 and § 651(1), (2), and (6), asserting the trial court erred in awarding costs to ODOT inasmuch as the trial court and Sutherland's counsel were not aware of the fact that Sutherland did not demand a jury trial, and such a demand is a condition precedent to ODOT's recovery of costs. ODOT objected, asserting Sutherland stipulated and agreed to the payment of costs, there was no irregularity in the proceedings, and ODOT was entitled to costs pursuant to 69 O.S.2001 § 1203(e)(1) and 12 O.S.2001 § 942. The trial court denied Sutherland's motion.

¶ 5 Sutherland appeals, contending the trial court erred in denying new trial because the award of costs is contrary to law. 69 O.S.2001 § 1203(e)(1) provides, "If the party demanding such trial does not recover a verdict more favorable to the party than the assessment of the commissioners, all costs in the district court shall be taxed against the party." Sutherland did not demand jury trial; only ODOT demanded a jury trial below. Sutherland's counsel argue they were unaware Sutherland had not demanded a jury trial and that ODOT's counsel was duty-bound to inform the court the statute did not allow a cost award unless Sutherland demanded a jury trial and the verdict was less than the Commissioners' assessment.

¶ 6 In response, ODOT argues the trial court properly denied new trial because the journal entry of judgment was not the product of irregularity in the proceedings or misconduct by ODOT. ODOT contends § 1203(e)(1) allows a party who demands a jury trial to recover costs. ODOT also argues costs are authorized by 12 O.S.2001 § 942 and 12 O.S.Supp.2009 § 3226(B)(3)(c)(1). In addition, ODOT asserts Sutherland stipulated and agreed to the payment of costs.

¶ 7 We review the disposition of a motion to vacate for abuse of discretion. *Kordis v. Kordis,* 2001 OK 99, 37 P.3d 866, 869. To reverse a trial court under abuse of discretion, it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *Broadwater v. Courtney,* 1991 OK 39, 809 P.2d 1310, 1312.

¶ 8 A condemnation proceeding is an action for the taking of private property for public use; it is not a civil action but a special proceeding. *Gaylord v. State ex rel. Dept. of Highways,* 1975 OK 63, 540 P.2d 558, 560. It must be carried out in accordance with legislatively prescribed procedure. *Bd. of County Com'rs of Creek Co. v. Casteel,* 1974 OK 31, 522 P.2d 608, 610. The Legislature has provided only for a cost award against a party who demands a jury trial but fails to recover a verdict more favorable than the assessment of the commissioners. 69 O.S.2001 § 1203(e)(1). The statute does not authorize a cost award against a party who has not demanded a jury trial.

¶ 9 The trial court's award of costs against Sutherland was unauthorized and clearly erroneous. However, a stipulation made in open court is binding and conclusive on the parties during the progress of the trial and on appeal. *Callaway v. Sparks,* 1939 OK 180, 89 P.2d 275, 277. Therefore, we will not disturb the trial court's order as to the $1,207.50 Sutherland agreed to pay for deposition costs. The trial court should have vacated the unauthorized award of $5,929.84 in costs pursuant to 12 O.S.2001 § 651(6). Its refusal to do so was an abuse of discretion.

¶ 10 Accordingly, the trial court's order is AFFIRMED to the extent it refused to vacate the cost award of $1,207.50. The order is otherwise REVERSED and this matter is REMANDED with instructions to vacate the award of $5,929.84. in costs.

HETHERINGTON, P.J., and MITCHELL, J., concur.