JERRY L. GOODMAN, JUDGE:
¶1 This appeal arises from a condemnation action initiated by the State of Oklahoma ex *703 rel. Department of Transportation (ODOT) seeking to acquire certain property of H&L Double MC, LLP (H&L). H&L appeals from the trial court's August 11, 2016, journal entry memorializing a jury verdict. The issue on appeal is whether the trial court properly admitted ODOT's expert's appraisal and testimony concerning its valuation method. Based upon our review of the facts and applicable law, we affirm.
BACKGROUND
¶2 In 2012, ODOT filed two petitions pursuant to its power of eminent domain seeking to take 3.36 acres of H&L's property in order to complete a highway expansion. The trial court consolidated the two cases for trial. Independent commissioners were appointed to appraise the land, who determined that just compensation due H&L was $103,850.00. ODOT and H&L both filed timely demands for a jury trial, although H&L later withdrew its demand.
¶3 A trial was conducted in October of 2013, where the jury returned a verdict determining the value of the taking to be $30,400.00. However, the verdict contained an additional notation in parenthesis stating twenty-two cents a square foot. Because the verdict was unable to be reconciled, H&L filed, and the trial court granted, a motion for new trial. ODOT appealed and the Court of Civil Appeals (COCA) affirmed the granting of a new trial.
¶4 Upon remand, H&L filed a motion in limine, seeking to prohibit the introduction of ODOT's expert appraiser R.D. Grace's Appraisal or any testimony relating thereto. By order entered on April 11, 2015, the trial court denied H&L's motion in limine. The case proceeded to a second trial on April 11-12, 2015. At trial, H&L renewed its objection to Grace's Appraisal and corresponding testimony, which the trial court denied. Grace testified his job was to establish an opinion of market value and in so doing, he used the larger parcel methodology, which included a sales comparison approach to valuation.[1] Grace stated the larger parcel methodology is based upon use, contiguity, and ownership. With respect to use, he stated the property's highest and best use was rural residential/agricultural.[2] Further, the property was clearly contiguous and under one ownership.[3] Grace determined that the larger parcel was approximately 83.2 acres and that the property to be taken, 3.36 acres, had a value as it contributes to the larger parcel because "in and of itself is not marketable and it's not useable."[4] Grace next looked at six comparable sales. After considering the comparisons, Grace ultimately valued the property at $4,500.00 per acre using the comparable sales approach. This came to a total value for the property taken to $15,165.00 and $16,250.00 in damages to the remainder.
¶5 The jury subsequently returned a verdict of $33,000.00. A journal entry of judgment memorializing the verdict was filed on August 11, 2016. H&L appeals.
STANDARD OF REVIEW
¶6 Trial court decisions concerning admission of evidence are reviewed on appeal pursuant to an abuse of discretion standard. Myers v. Missouri Pac. R. Co. , 2002 OK 60, ¶ 36, 52 P.3d 1014, 1033.
ANALYSIS
¶7 On appeal, H&L asserts the trial court erred in the admission of ODOT's expert appraiser R.D. Grace's Appraisal and his testimony regarding the same. H&L asserts Grace's Appraisal was based on a "larger parcel" valuation method that was held unconstitutional in State ex rel. Dept. of Transportation v. Caliber Development Co., LLC. , 2016 OK CIV APP 1, 365 P.3d 1067 (approved for publication by the Oklahoma Supreme Court).
*704 ¶8 Contrary to H&L's assertion, Caliber did not hold that the larger parcel method of valuation was unconstitutional. In Caliber , ODOT sought to take approximately 25.12 acres of Caliber's property closest to State Highway 74 for purposes of a highway expansion. Prior to the condemnation action, Caliber had obtained a planned unit development (PUD) of its property. The PUD consisted of 225 acres which directly abutted State Highway 74, with 125 acres for commercial development. Both parties demanded a jury trial.
¶9 Caliber filed a motion in limine, seeking to exclude ODOT's expert's opinion of the property based on the "slide-back" or backland appraisal theory. In essence, the theory provides ODOT's highway expansion did not take the landowner's valuable highway frontage or corners because new frontage and corners would exist after the expansion; the previous frontage and corners would merely slide-back to a new location. Id . at ¶ 7, at 1071. "As a result, [the expert's opinion] was based on his valuation of the 'backland,' a part of the property owned by Caliber within which the property was taken but having uniform value independent of any increased value resulting from its location adjacent to the highway." Id . The trial court reserved ruling on the motion in limine until trial. During direct examination of the expert, Caliber renewed its objection to any testimony regarding the slide-back theory, which the court sustained.
¶10 ODOT's expert also testified about another valuation method he used in valuing the property, the larger parcel method. The expert explained it was a four part process: 1) the appraiser identifies a larger tract of land within which the property taken is located; 2) the appraiser determines the highest and best use for the property; 3) because only part of Caliber's property was taken, the appraiser was required to determine if there was any damage to the property not taken; and 4) subtract any benefit to the property not taken resulting from improvements created by the taking. Id . at ¶¶ 13-16, at 1072-73. During this testimony, however, the expert again testified regarding corners and frontage, stating the State was not acquiring it. Caliber objected, and after a conference with the court, the trial court granted Caliber's motion in limine and instructed that any further testimony in the form of slide-back or backland valuations was not admissible and could result in the striking of his entire testimony. Id . at ¶ 16, at 1073.
¶11 The jury ultimately returned a verdict in favor of Caliber in the amount of $2,670,351.00. ODOT appealed asserting, inter alia , the trial court erred in:
1) excluding the testimony of its expert witness regarding the slide-back valuation method; and 2) limiting the scope of the expert's testimony regarding the value of the larger parcel from which the property was taken. On appeal, COCA affirmed the trial court's decision to exclude the expert's testimony, holding the slide-back method "conflicts with the constitutionally specified manner for determining just compensation." Id . at ¶ 11, at 1072. With respect to the larger parcel method, COCA found the expert was permitted to extensively testify about the valuation method. Contrary to H&L's assertions on appeal, COCA did not address nor hold it was a constitutionally invalid valuation method.
¶12 In the present case, Grace specifically testified, and a review of the Appraisal indicates, that he used the larger parcel valuation method in determining a value for the property. H&L has not provided this Court with any authority that this is a constitutionally invalid valuation method. Accordingly, H&L has not shown the trial court abused its discretion in permitting the Appraisal and testimony at trial. This assertion of error is therefore denied.
¶13 H&L further asserts Grace's Appraisal was based on the unconstitutional "before-and-after" valuation method, citing Caliber , 2016 OK CIV APP 1, at ¶ 10, 365 P.3d at 1072 ; and Williams Natural Gas Co. v. Perkins , 1997 OK 72, ¶ 4, 952 P.2d 483, 486. We disagree. A review of the record provides Grace's Appraisal and testing were based on the larger parcel method. Accordingly, we find no abuse of discretion by the trial court in permitting Grace's Appraisal and testimony *705 at trial. This assertion of error is therefore denied.
¶14 AFFIRMED.
BARNES, P.J., and RAPP, J., concur.

Trial vol. 1, pg. 10, ln. 17-20.

To make this determination, Grace viewed the property, considered any utilities available to determine the potential for development, as well as determined the potential for any commercial development.

Trial vol. 1, pg. 12, ln. 14-22.

Trial vol. 1, pg. 54, ln. 8-11.