1998 OK 79

**ONEOK, INC., a Delaware corporation, Plaintiff/Appellee,**

v.

**Leslie L. MING, Jr., an individual, Defendant/Appellant.**

No. 89288.

Supreme Court of Oklahoma.

July 14, 1998.

Barry K. Beasley, Thomas J. Kirby, Gable, Gotwals, Mock, Schwabe, Kihle, Gaberino, Tulsa, for Plaintiff/Appellee.

Gregg R. Renegar, Tom M. Moore, Kornfeld, Franklin, Renegar & Randall, Oklahoma City, for Defendant/Appellant.

HARGRAVE, Justice.

¶ 1 This matter comes before us on a question of law certified to this Court from the Tenth Circuit Court of Appeals pursuant to 20 O.S.1981 § 1602 [20–1602]:

Under Oklahoma Law, does an action to recover monies expended to third parties for drilling costs constitute an action to recover for labor and services under Okla. Stat. tit. 12, § 936?

We answer in the affirmative under the facts presented in the present matter. Title 12 O.S.1991 § 936 provides:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

¶ 2 ONEOK Resources Company (ONEOK), filed an application with the Oklahoma Corporation Commission for an order force pooling the interests of named respondent in a certain drilling and spacing unit. Minstar Fuel Corporation (Minstar), the corporation of which Ming was an officer and director, was one of the respondents. A well was drilled to completion on the unit. Defendant signed a letter agreement regarding the well. The agreement stated, in part, that Minstar would participate as a respondent in the pooling hearing and that it would be invoiced for its proportionate share of drilling costs. Subsequently, the Oklahoma Corporation Commission entered a pooling order. The order did not contain a finding with regard to any prior agreement between ONEOK and Minstar with respect to Minstar's participation in the well. The order, however, did set forth requirements for respondents to elect to participate in the well. Minstar did not elect to participate. Later, however, Minstar executed another letter agreement. Based on the letter agreements, ONEOK sent Minstar invoices requesting payment of drilling costs. Minstar failed to pay.

¶ 3 ONEOK, as the operator of the well, brought a diversity action to recover a proportionate share of the drilling costs of the

well from Ming alleging that Ming was personally financially liable as an officer or director of Minstar, a suspended corporation. ONEOK alleged Minstar had agreed to participate in the drilling of the well and to share in the drilling costs invoiced by ONEOK pursuant to the two letter agreements. At no time did ONEOK allege that it had actually drilled the well, but solely that it had incurred drilling costs. The district court held in favor of Ming. The district court determined that ONEOK was collaterally estopped from contending Minstar had elected to participate in the well, because the pooling order extinguished the first letter agreement and there could be no ratification of the first letter agreement by the subsequent letter agreement.

¶4 Ming thereafter filed an application for attorney's fees and expenses pursuant to 12 O.S.1991 § 936, alleging, in part, that plaintiff's action was for labor and services rendered in drilling the well. In opposing the motion, ONEOK argued that an action to recover drilling costs paid to a third party drilling contractor was not one for labor and services. The district court denied Ming's request for attorney's fees and costs. Ming appealed and this federal certified question followed.

¶5 The only question presented for our consideration is whether, under the stated facts, does ONEOK's action to recover monies expended to third parties for drilling costs in the present matter constitute an action to recover for labor and services from Ming within the meaning of 12 O.S.1991 § 936.

¶6 *Burrows Constr. Co. v. Independent School District,* 9 1995 OK 57 ¶8, 704 P.2d 1136, 1138 held that:

It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936. If the action is brought for labor and services rendered, the provisions of section 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not neces-

sarily apply. The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

¶7 In *Burrows,* this Court determined the underlying cause of the lawsuit to be for a loss of profit under a construction contract and not specifically related to labor or services rendered and the attorney fee was not allowed under § 936. See also, *Ferrell Const. Co. v. Russell Creek Coal Co.,* 1982 OK 24, 645 P.2d 1005. Another related case is *LPCX Corp. v. Faulkner,* 1991 OK 46, 818 P.2d 431. It involved a rework operation that was an attempt to correct a casing leak, which was found to be both unnecessary and unauthorized under the parties' operating agreement. In overturning the attorney's fee award in that case, this Court determined that action sought the return of workover expenses for the reason that those services were not accomplished and did not accrue in accordance with the provisions of the contract, and were thus not for labor and services, but accrued as a result of a contract violation.

¶8 In the present matter, ONEOK sued Ming to pay for a proportionate share of drilling costs that were to be taxed to the suspended Minstar Corporation. This action was brought to collect for drilling expenses. Minstar was never recognized as a participant in this well by the Oklahoma Corporation Commission. The Pooling Order entered by Oklahoma Corporation Commission extinguished the first letter agreement and there could be no ratification by the second letter agreement. ONEOK's action was an attempt to enforce the terms of these invalid contracts. However, ONEOK's underlying suit was brought to collect for labor or services owed to it under the aforementioned invalid contracts. The labor and services in this case were the drilling expenses ONEOK paid and believed to be owed to it by Minstar. Because this action was for failure to pay for labor and services rendered, Ming

would be entitled to a reasonable attorney's fee under § 936.

**CERTIFIED QUESTION ANSWERED.**

¶9   KAUGER, C.J., and HODGES, LAVENDER, SIMMS and WATT, JJ., concur.

¶10   SUMMERS, V.C.J., and ALMA WILSON, J., concur in part and dissent in part.

¶11   OPALA, J., not participating.