**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ONEOK, INC., a Delaware
corporation,

      Plaintiff-Appellee,

v.

LESLIE L. MING, JR., an individual,

      Defendant-Appellant.

No. 96-5165
(D.C. No. 95-CV-223-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **LUCERO**, Circuit Judges.

---

The issue presented in this appeal is whether defendant is entitled to
attorney's fees and expenses as a prevailing party under Okla. Stat. tit. 12, § 936. [1]
The district court denied attorney's fees and costs, determining, in part, that the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

underlying diversity action to recover drilling costs was not an action for labor or services rendered. Our uncertainty about the district court's determination that this was not an action for labor or services prompted us to certify the following question to the Oklahoma Supreme Court: "Under Oklahoma law, does an action to recover monies expended to third parties for drilling costs constitute an action to recover for labor and services under Okla. Stat. tit. 12, § 936?" Oneok, Inc. v. Ming, No. 96-5165, Certification of State Law Question at 1 (Mar. 19, 1997).

In a recently filed response, the Oklahoma Supreme Court answered the question affirmatively, under the facts presented. See Oneok, Inc. v. Ming, No. 89,288, 1998 WL 395057, at *1 (Okla. July 14, 1998). We accept the Oklahoma Supreme Court's determination, and conclude defendant is entitled to attorney's fees incurred in the district court and on appeal, see Aircraft Equip. Co. v. Kiowa Tribe, 921 P.2d 359, 362 (Okla. 1996). [2]

---

[2] Defendant also sought to recover attorney's fees under § 936 on the ground that plaintiff brought the underlying action to recover on an open account. Because we conclude defendant is entitled to attorney's fees as the prevailing party in an action for labor or services, we need not address this ground.

Accordingly, we REVERSE and REMAND to the district court for a determination of a reasonable amount of attorney's fees and appropriate expenses to be awarded to defendant for defending this action in the district court and for this appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge