**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARNOLD OIL PROPERTIES, L.L.C.,

Plaintiff-Appellee,

v.

SCHLUMBERGER TECHNOLOGY
CORPORATION,

Defendant-Appellant.

No. 11-6247
(D.C. No. 5:08-CV-01361-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Arnold Oil hired Schlumberger to help construct an oil well. When the well

wasn't finished properly, each side blamed the other. Ultimately, Arnold Oil sued for

breach of contract and negligence; Schlumberger returned fire with a counterclaim

alleging it was Arnold Oil that breached the parties' contract. At trial, a jury returned

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a verdict for Arnold Oil and awarded $350,000 in damages. *See Arnold Oil Props. LLC v. Schlumberger Tech. Corp.*, 672 F.3d 1202, 1204 (10th Cir. 2012) (affirming damages award).

That was not the end of the matter. After trial, Arnold Oil sought to recover its attorney's fees under Okla. Stat. tit. 12, § 936(A). The district court agreed that § 936(A) applied to this diversity dispute and, after carefully scrutinizing Arnold Oil's bills, issued an award that was about 25% less than what Arnold Oil sought ($229,743.37 out of $304,929.82 claimed).

Now Schlumberger returns to this court seeking to overturn this fee award. Schlumberger acknowledges that § 936(A) authorizes attorney fees for parties prevailing on claims seeking to recover for "labor and services rendered." *ONEOK, Inc. v. Ming*, 962 P.2d 1286, 1288 (Okla. 1998). But it notes that the section does not necessarily apply to every claim seeking "damages arising from the breach of an agreement relating to labor and services." *Id.* Claims "collaterally relat[ed] to labor and services, such as [for] loss of profits on a contract involving the rendition of labor and services" are not covered. *Id.* Yet, Schlumberger argues, that's exactly what Arnold Oil's suit involved — an effort to recoup consequential damages arising from the fact it had to pay a third party to finish the job and repair Schlumberger's errors.

The district court disagreed with Schlumberger and held that Arnold Oil's breach of contract (though not its negligence) claim fell within the scope of § 936(A)

and entitled the company to fees.  We do not, however, have to decide even that much to affirm its award.  We don't because everyone before us agrees that Schlumberger's counterclaim alleged Arnold Oil failed to pay for "labor and services" performed under the parties' contract; that the prevailing party on the counterclaim was therefore entitled to attorney fees under § 936(A); and that Arnold Oil was the prevailing party on the counterclaim.  At least for its work on the counterclaim, then, Arnold Oil was surely entitled to an award of fees.  *See, e.g.*, *CCMS Pub. Co., Inc. v. Dooley-Maloof, Inc.*, 645 F.2d 33, 38 (10th Cir. 1981) (affirming award of attorney's fees to plaintiff under § 936(A) as the prevailing party on defendants' counterclaim).

Schlumberger replies that even if Arnold Oil is entitled to *some* fees for prevailing on the counterclaim it isn't entitled to as much as the district court awarded.  Schlumberger rightly notes that Oklahoma courts generally apportion attorney's fees between fee-bearing claims — those with statutory authority for an award — and non-fee-bearing claims — those lacking statutory authority.  *See Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1098 (Okla. 1996). Here, Schlumberger argues, the district court properly denied any fees for work done on Arnold Oil's negligence claim, but it failed to try to apportion fees between Arnold Oil's breach of contract claim and Schlumberger's breach of contract counterclaim.  At least this, Schlumberger says, was error.

We are unable to agree.  While apportionment is the rule, it bears an exception. If a court finds *all* of the time devoted to the alleged non-fee-bearing claim (here, Arnold Oil's breach of contract claim) "would have been necessarily incurred" in connection with a claim that *is* fee-bearing (here, Schlumberger's breach of contract counterclaim), then apportionment is not required.  *Transpower Constructors v. Grand River Dam Auth.*, 905 F.2d 1413, 1423 (10th Cir. 1990).  In this case, the district court expressly held this exception applies, finding Arnold Oil's breach of contract claim and Schlumberger's counterclaim to be "direct corollaries of one another, as reflected in the jury instructions and verdict form utilized at trial."  Aplt. App. at 143.  We are given no persuasive reason to doubt this conclusion.  In fact, the parties themselves even stipulated that if Arnold Oil proved its claim, Schlumberger could not recover on its counterclaim — and that if Arnold Oil failed to prove its claim, Schlumberger's counterclaim would succeed.  As such, apportionment was not necessary.

The judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge

- 4 -