**Steven Albert LECK, Appellee,**

v.

**Regina Catherine LECK, Appellant.**

**No. 71525.**

Supreme Court of Oklahoma.

Oct. 30, 1990.

As Corrected Nov. 2, 1990.

Irven R. Box, Box & Clowdus, Oklahoma City, for appellant.

Timothy I. Mize, El Reno, for appellee.

## MEMORANDUM OPINION

SUMMERS, Justice.

■ This Court granted appellee/father's request for writ of certiorari on October 2, 1990, to review the unpublished opinion of the Court of Appeals, Division No. III. Although the Order granting did not so specify, the writ was issued for the limited purpose of reviewing a portion of that opinion. In its opinion the Court of Appeals reversed the trial court's order sustaining the father's demurrer to the evidence. The appellate court then went on to hold that "an additional sum for child support be taxed to husband, at the very least, for a share of the additional day care expense." (Opinion p. 4)

Appellant/mother had filed a motion to modify the divorce decree, asking for an increase in child support payable by father. After she presented her evidence in favor of a modification, he demurred to the evidence. The trial court sustained his demurrer, and mother appealed. The Court of Appeals opinion followed.

■ Upon review, we vacate the opinion of the Court of Appeals insofar as it appears to modify the divorce decree without giving father an opportunity to present his evidence. As we stated in *Malnar v. Whitfield*, 708 P.2d 1093, 1095 (Okla.1985):

> However, if the order sustaining the demurrer to the evidence in an equity action is reversed on appeal as against the clear weight of the evidence, then the defendant must be afforded an opportunity to present his evidence. Thus, the general rule that in an equitable action the appellate court will render the judgment the trial court should have rendered is not operative inasmuch as the defendant has yet to put his evidence before the court.

In the situation where a demurrer is sustained after the presentation of the plaintiff's evidence, the defendant has not had an opportunity to present his evidence. If the trial court's sustaining of the demurrer is reversed on appeal, the case must be remanded to allow the party defending to present evidence. Otherwise, the party in whose favor a demurrer was erroneously granted would suffer a violation of his constitutional right to due process. *Carpet World, Inc. v. Riddles*, 737 P.2d 939, 942 (Okla.1987). In *Snow v. Winn*, 607 P.2d 678, 681 (Okl.1980) footnote 6, we said:

> Final disposition of the controversy *cannot* be effected by the appellate court if it determines that the order sustaining

defendant's 'demurrer' to plaintiff's evidence in equity is in fact against the clear weight of the evidence. *In that event, the party-defendant must be afforded opportunity to present its evidence.* (Emphasis added.)

The opinion of the Court of Appeals is vacated insofar as it attempts to modify the divorce decree. The case is remanded to the trial court in order to allow appellee/father to present his evidence. The Court of Appeals' opinion remains undisturbed insofar as it reverses the trial court's sustention of the demurrer to the evidence.

All Justices concur.