2001 OK 53

**GRP OF TEXAS, INC., a Texas corporation, Appellee,**

v.

**EATERIES, INC., an Oklahoma corporation, Appellant.**

No. 92,070.

Supreme Court of Oklahoma.

June 26, 2001.

Cheryl Hunter, Jon Epstein, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City & Tulsa, OK, for Appellant.

George D. Sherrill, Jr., DeBois, Sherrill & Reynolds, Duncan, OK, for Appellee.[1]

SUMMERS, J.

¶1 GRP of Texas sold three restaurants to Eateries, Inc. by written agreement. The agreement provided that disputes relating thereto would be arbitrated. The agreement also provided that "the parties further agree that the prevailing party shall be entitled to reimbursement of the costs of its own experts, evidence and legal counsel from the other party, who shall also bear the expense of the arbitration."

¶2 GRP and Eateries went to arbitration. An award was made and confirmed by the District Court. On GRP's appeal the Court of Civil Appeals reversed the judgment, ordered the award vacated, and left the matter for further arbitration. The Court of Civil Appeals awarded an appellate attorney's fee to GRP.

¶3 On remand the arbitrator again made an award. This time the District Court vacated the award, but did not remand the matter for additional arbitration. Eateries appealed the District Court's order, and argued that additional arbitration should occur. The Court of Civil Appeals affirmed in part and reversed in part the District Court's order. The appellate court agreed that the arbitration award should be vacated, but held that the matter should have been sent back to the arbitrator with instructions. We denied GRP's certiorari petition. GRP and Eateries each seek appeal-related attorney's fees.

¶4 GRP claims to be entitled to a court awarded attorney's fee as prevailing party under 12 O.S.1991 § 936. Although the controversy before us today involves the enforcement of an arbitration agreement, we determine the propriety of applying § 936 by examining the character of the underlying obligation. *Natkin & Co. v. Midwesco, Inc.*, 1993 OK 143, 863 P.2d 1222, 1225; *ONEOK, Inc. v. Ming*, 1998 OK 79, ¶6, 962 P.2d 1286, 1288.

¶5 GRP states that § 936 applies because "this case involves a contract for the sale of goods, wares and merchandise...." The contract transfers many assets, some of which are undoubtedly goods, wares, and merchandise.[2] But the sale is for three restaurants, some attributes of which may not be within the scope of § 936. Is this a civil action to recover on a contract relating to the purchase or sale of goods, wares or merchandise? That question involves elements of fact, which a District Court, and not this Court, must determine. *See, e.g., Darrow v. Spencer*, 1978 OK 107, 581 P.2d 1309, 1314, (on remand trial court was required to determine what attorney services were performed, which services were necessary, and the value of the necessary services, and what a reasonable fee for such services, if any, should be). We thus decline to hold whether § 936 applies to the facts in this litigation.

¶6 In *Chamberlin v. Chamberlin*, 1986 OK 30, 720 P.2d 721, we explained that

---

1. Counsel are listed in the opinion based upon their filing entries of appearance in this Court as required by Okla.Sup.Ct.R. 1.5, 12 O.S.Supp. 2000 Ch. 15, App.

2. The Asset Sale Agreement identifies the assets:
    1. *Sale of Assets and Business:* As of the date hereof ("the Closing Date"), Seller has sold to Buyer, ... all assets and rights of Seller related to the business of the Restaurants as of Closing date (the "Business"), including without limitation all inventories of food and beverage, all furniture, fixtures, and decor, all menus, paper goods, flatware, glassware, equipment, utensils, garments, and linens, all cash, cash equivalents, deposits, allowances, accounts receivable or other business notes, all judgments and claims, all right, title and interest in any and all express or implied agreements, contracts, leases, warranties, certificates, or licenses (including licenses and permits issued by governmental authorities), all records, files, papers, and correspondence of the Business such as advertising materials, accounting records, sales and purchase records, and employment records (the "Assets"). Asset Sale Agreement, O.R. at 173.

the original right to both appeal-related costs and appeal-related attorney's fees is established in the appellate court: "In short, counsel fees on appeal, like taxable appellate costs, must be authorized by an appellate court in the case in which the services were performed." *Id.* 1986 OK 30 at ¶ 14, 720 P.2d at 728. Consistent with that opinion the Legislature enacted a procedural statute governing an application for appeal-related attorney's fees, 12 O.S.Supp.1993 § 696.4. A portion of its current version states that:

> C. An application for attorney's fees for services performed on appeal shall be made to the appellate court either in the applicant's brief on appeal or by separate motion filed any time before issuance of mandate. If in the brief, the application shall be made in a separate portion that is specifically identified. The application shall cite authority for awarding attorney's fees but shall not include evidentiary material concerning their amount. The appellate court shall decide whether to award attorney's fees for services on appeal, and if fees are awarded, it shall remand the case to the trial court for a determination of their amount. The trial court's order determining the amount of fees is an appealable order.

12 O.S.Supp.1997 § 696.4(C).

This statute requires the application for appeal-related attorney's fees to be made to the appellate court, and the appellate court "shall decide whether to award attorney's fees for services on appeal" and remand to the trial court for a determination of the amount. Our application of § 696.4(C) has been consistent with our earlier opinions, and we have remanded cases to the trial court for a determination of the amount of a reasonable fee. *Deloney v. Downey*, 1997 OK 102, n. 6, 944 P.2d 312, 320; *TISI v. Department of Corrections*, 1998 OK 108, ¶¶ 18–19, 970 P.2d 166, 172–73. The applications for appeal-related attorney's fees by both GRP and Eateries are thus timely brought in this Court, although no prevailing party on the underlying litigation exists at this time.

¶ 7 When prevailing party status is the statutory prerequisite for awarding attorney's fees we have defined the prevailing party as the party possessing an affirmative judgment at the conclusion of the entire case. *Cunningham v. Public Service Co.*, 1992 OK 107, ¶ 4, 834 P.2d 974, 975. Before counsel fees may be awarded the case must be one that falls clearly within the express language of the authorizing statute. *Cook v. Oklahoma Bd. of Public Affairs*, 1987 OK 22, 736 P.2d 140, 154. We have explained that a party's designation as the prevailing party may be altered during the course of litigation, and that this alteration of status has an affect upon an order awarding attorney's fees. *Thompson v. Independent School Dist. No. 94, Garfield County*, 1994 OK 139, 886 P.2d 996, 997–998. See, e.g., *Roofing and Sheet Metal Supply Company of Tulsa, Inc. v. Golzar–Nejad Khalil, Inc.*, 1996 OK 101, 925 P.2d 55, 60, (appeal of trial court attorney's fee award was moot when judgment was reversed). In other words, a prevailing party on an appeal may not ultimately prevail on the cause of action litigated, and thus would not be entitled to attorney's fees when that status is finally altered.

¶ 8 Section 936 and our opinions are clear that the prevailing party "shall" be allowed reasonable attorney's fees. Section 696.4(C) and our opinions are equally clear that the appellate court is the court that must award such fees. Further, our opinions have stated that appeal-related attorney's fees are allowed when they are also allowed for trial court proceedings, and we recognize that an appeal is, for certain purposes, a continuation of the trial court proceeding.[3] We recognize that prevailing party status may change during the course of litigation, and that litigation may involve more than one appeal. We conclude that all of these requirements are best satisfied by an appellate court making a conditional award of attorney's fees.

¶ 9 The Court has granted conditional attorney's fees in at least three published opinions. In *Carpet World, Inc. v. Riddles*, 1987 OK 42, 737 P.2d 939 (1987) we explained that

---

**3.** *Grider v. USX Corp.*, 1993 OK 13, 847 P.2d 779, 786, (appeals are a continuation of the same case); *Mabee Oil & Gas Co. v. Price*, 1947 OK 81, 179 P.2d 916, 918, (same).

a prevailing party had not yet been determined and we then said that: "We therefore direct the trial court to enter the appropriate award of fees to the ultimately prevailing party, and in determining that award the court may take into account the amount of costs and fees related to this appeal." *Id.* 737 P.2d at 942. In *Williams Natural Gas Company v. Perkins,* 1997 OK 72, 952 P.2d 483, we allowed a party appeal-related attorney's fees conditional upon prevailing upon success upon retrial. *Id.* at ¶ 26, 952 P.2d at 491. In *Goodwin v. Durant Bank & Trust Company,* 1998 OK 3, 952 P.2d 41, attorney's fees were awarded pursuant to 12 O.S.1991 § 939, and conditional upon a party prevailing upon remand. *Id.* at ¶ 10, 952 P.2d at 44.

■■■■ ¶ 10 Some costs on appeal are based upon success of a party in the appeal. A successful appellant recovers appellate costs pursuant to 12 O.S.1991 § 978.[4] The prevailing party in an interlocutory appeal recovers appellate costs regardless of whether that party ultimately prevails on the action before the trial court. 12 O.S.1991 § 978.1.[5] Of course, statutory allowance of costs does not include attorney's fees, unless stated otherwise, *Wilson v. Glancy,* 1995 OK 141, 913 P.2d 286, 291, and these costs are taxed "of course" by the Clerk. *Williams Natural Gas Company v. Perkins,* 1997 OK 72, ¶ 26, 952 P.2d 483, 491, (§ 978 costs). *These statutes tax costs based upon prevailing on appeal, and not trial court prevailing party status.* But § 936 costs are tied to the prevailing party status on the cause of action and *not* necessarily to the status of a party on the appeal. Thus, in *Hamilton v. Telex Corp.,* 1981 OK 22, 625 P.2d 106, appeal-related attorney's fees on a prior appeal were proper for *either* party based upon ultimately prevailing on the § 936 cause of action. In sum, we look to the statutory authority for

granting attorney's fees as costs, and prevailing in the appeal is not the litmus test for allowance of such fees.

■■■ ¶ 11 No prevailing party on the cause of action has been determined by either the trial court below or an appellate court in this appeal. No party is entitled to an unconditional award of statutory prevailing party attorney's fees. We hereby conditionally award *statutory* prevailing party status appeal and certiorari-related attorney's fees to either GRP *or* Eateries based upon the following conditions:

1. The award is to the party who ultimately prevails on a cause of action in the trial court, and the trial court shall set the amount of the fees taxed as costs after the identity of the prevailing party is determined by the trial court;

2. The nature of the cause of action upon which the party prevails must be that for which statutory attorney's fees are authorized. That is, the party must show that a particular "prevailing party" attorney's fee statute applies to the controversy. The prevailing party requesting attorney's fees taxed as costs has the burden of making this showing; and

3. Where reasonable attorneys fees are authorized by statute the trial court must make a determination what attorney services were performed that relate to the cause of action covered by the particular applicable attorney's fee statute, the value of the services, and what a reasonable fee is for such services. The prevailing party requesting attorney's fees taxed as costs has the burden of showing facts necessary to support the determination of the trial court.

¶ 12 Eateries claims that appeal-related attorney's fees are also authorized by 15

---

4. 12 O.S.1991 § 978:

When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties.

5. 12 O.S.1991 § 978.1:

When an interlocutory order of a district court is reviewed on appeal or on certiorari and the interlocutory order is reversed, the prevailing party shall recover his costs, exclusive of attorney fees, including the cost deposit and the costs of preparing the record on appeal or on certiorari, regardless of the ultimate disposition of the action; and when the interlocutory order is reversed in part and affirmed in part, the costs shall be equally divided between the parties.

O.S.1991 § 813.[6] It argues that attorney's fees are included in the statutory language: "Costs of the application and of the proceedings subsequent thereto, and disbursements, may be awarded by the court." *Id.* at § 813(D). Identical language appears in the Uniform Arbitration Act.[7]

¶ 13 We have said that statutory allowance of costs does not include attorney's fees, unless stated otherwise. *Wilson v. Glancy, supra.* Section 813 was enacted in 1978, and prior to that time this Court explained that attorney's fees were not included in a statute authorizing costs. See *City of Moore v. Central Oklahoma Master Conservancy District,* 1968 OK 81, 441 P.2d 452, 461, where we construed 12 O.S.1961 § 978. Thus, Eateries focuses upon the term "disbursements" and argues that a disbursement includes an attorney's fee.

¶ 14 We need not determine at this time whether an attorney's fee may be deemed included, within the term "disbursements" used in § 813. The trial court has not had the opportunity to determine if a "disbursement" in post-arbitration practice includes a counsel fee. It will have the opportunity on remand to make that determination upon proper application, along with the applicability or not of 12 O.S.1991 § 936. It may consider attorney's fees related to this appeal at that time.

**6.** 15 O.S.1991 § 813:
§ 813. Modification or correction of award by court—Grounds
A. Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
2. The award is imperfect in a matter of form, not affecting the merits of the controversy; or
3. The arbitrators have made an award upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted.
B. If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as modified and corrected. Absent any modification or correction, the court shall confirm the award as made.

¶ 15 GRP and Eateries also claim appeal-related attorney's fees under the Asset Sale Agreement. Generally, questions of fact arising from a contract are determined by the trier of fact. *Fowler v. Lincoln County Conservation District,* 2000 OK 96, ¶ 14, 15 P.3d 502, 507. Although the parties have agreed to arbitration, attorney's fees related to court proceedings after arbitration are not part of an award made by the arbitrator. The court making the award of court-related attorney's fee must determine if the appropriate statutory or contractual authority exists for the court-related fees. While both parties agree generally that a contractual right to court-related attorney's fees exists, they disagree as to whether each of them has satisfied the contractual language and is contractually entitled to the fees. To the extent that the parties rely upon prevailing-party status as a condition precedent for attorney's fees related to appellate or certiorari court proceedings, no prevailing party on the proceeding to enforce the contract exists at this point in the litigation. Appeal-related attorney's fees for this appeal based upon the parties' agreement are not denied or granted at this time. Rather, we grant the fee requests conditioned upon a party making a timely application to the trial court for contract-based appeal-related attorney's fees, and showing that the conditions for making such an award have been satisfied.

C. An application to modify or correct an award may be joined in the alternative with an application to vacate the award.
D. Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements, may be awarded by the court.

**7.** Uniform Arbitration Act § 14, 7 U.L.A. 419 (1997), states:
§ 14 Judgment or Decree on Award.
Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

¶ 16 In sum, neither party to this appeal has an unconditional right to either statutory or contractual appeal-related attorney's fees at this time. Because no party is a prevailing party on the cause of action at this stage of the litigation we deny the requests for an unconditional award of fees. However, we hold that either party may seek appeal and certiorari-related attorney's fees conditioned upon that party making a timely showing in the trial court that the party has satisfied the requirements of statute or contract for the appeal and certiorari-related attorney's fees requested.

¶ 17 HARGRAVE, C.J., WATT, V.C.J., LAVENDER, OPALA, SUMMERS, JJ., concur.

¶ 18 HODGES, KAUGER, BOUDREAU, WINCHESTER, JJ., dissent.