### 2006 OK CIV APP 76
**In the Matter of the ESTATE OF David Lewis AKERS, Deceased.**

**Bobbie Akers and Sherry Strong, Petitioners/Appellees,**

v.

**Jeffrey Akers, Respondent/Appellant.**

**No. 102,240.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 21, 2006.

### ORDER

Appellee Bobbie Akers seeks appeal-related attorney fees as an administrative expense of the estate pursuant to 58 O.S.2001 § 525. Attorney fees for necessary services rendered to the personal representative in the preservation and care of the estate may be reimbursed to the personal representative upon proper application to the trial court pursuant to § 525. *Matter of Estate of Bartlett,* 1984 OK 9, 680 P.2d 369, 379.

Normally, attorney fees to be awarded pursuant to 12 O.S.2001 § 696.4(c) and Supreme Court Rule 1.14 are sought against another party to the appeal. In that case, the rule is that the court in which the attorney fees are incurred is the proper court to receive and act on the request. *GRP of Texas, Inc. v. Eateries, Inc.,* 2001 OK 53, 27 P.3d 95, 98.

However, where a personal representative is relying on § 525 to receive reimbursement for necessary expenses, we hold that the application for attorney fees should be filed in the probate court in the first instance, and may include fees incurred in appeal-related activities. The probate court would then determine entitlement under normal § 525 standards.